**FILED**
**Sep 03, 2020**
**02:18 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | | |
|---|---|---|
| **SHARON PARKER,** | ) | **Docket No. 2019-08-1092** |
| **Employee,** | ) | |
| **v.** | ) | |
| **OZARK MOTOR LINES, INC.,** | ) | **State File No. 52984-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| **TRAVELERS INDEMNITY CO.,** | ) | **Judge Amber E. Luttrell** |
| **Carrier.** | ) | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

This Court held a hearing on Ozark Motor Lines, Inc.'s Motion for Summary Judgment on September 2, 2020. Ozark argued Ms. Parker has no evidence to demonstrate she is entitled to an award of more than $29,202.06 in permanent partial disability benefits and requests that the Court grant summary judgment and award Ms. Parker those benefits with open future medical benefits. For the reasons below, the Court agrees and grants the motion.

### *Procedural History and Material Facts*

Ms. Parker filed a Petition for Benefit Determination seeking permanent partial disability for a knee injury. The Dispute Certification Notice stated the parties stipulated the applicable weekly compensation rate is $690.65, and the only issue is the extent of permanent disability.

Ozark filed this Motion for Summary Judgment with a statement of sixteen undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. Ms. Parker admitted that fourteen of those facts were undisputed.[1]

---

[1] She objected to two statements on grounds they concerned settlement negotiations.

1

The parties agreed to the following facts: Ms. Parker worked as an over-the-road truck driver for Ozark and injured her right knee while getting out of her truck on July 13, 2018. Ozark provided authorized treatment with Dr. John Lochemes, who diagnosed meniscus tears in her knee and performed surgery. He placed her at maximum medical improvement on April 16, 2019, and assigned a four-percent permanent impairment to the body and permanent restrictions of no squatting or climbing. She underwent an independent medical evaluation with Dr. Apurva Dalal, at her attorney's request, who agreed with the four-percent rating.

The parties further agreed that Ms. Parker's essential duties as an over-the-road truck driver required the ability to squat and climb; therefore, Ozark was unable to accommodate her permanent restrictions, and she did not have a meaningful return to work. Ms. Parker is over age forty and does not have a high school diploma.

At her stipulated compensation rate of $690.65, the parties agreed Ms. Parker is entitled to an original award of $12,431.70 based on her four-percent permanent impairment rating. However, because she did not return to work, the parties agreed she is entitled to increased benefits based on the application of the 1.35 multiplier, the 1.45 multiplier based on her education level, and the 1.2 multiplier for her age. Ms. Parker's original award and increased benefits equate to $29,202.06 in permanent partial disability benefits.

Ozark argued the undisputed material facts demonstrated Ms. Parker is entitled to permanent partial disability benefits of $29,202.06 with open future medical benefits. It contended Ms. Parker failed to prove she is entitled to anything more based on her impairment rating, compensation rate, and increased benefits.

In response to Ozark's motion, Ms. Parker stated that she expected Drs. Lochemes and Dalal to testify consistently with the impairment opinions expressed in their records but requested that the Court consider their testimony at trial. She further stated she wants the opportunity to testify at trial.[2]

*Law and Analysis*

In considering Ozark's motion, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2019).

---

[2] Ms. Parker confirmed at the hearing that she was not requesting a continuance of the hearing to allow her to take the depositions of Drs. Lochemes and Dalal. She asked the Court to make its decision based on the current record.

As the moving party, Ozark must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Parker's claim, or (2) demonstrate that Ms. Parker's evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Ozark meets this burden, Ms. Parker must then establish that the record contains specific facts upon which the Court could rule in her favor. *Rye*, at 265.

Here, the Court finds Ozark met its burden by demonstrating that Ms. Parker's evidence is insufficient to establish she is entitled to any award greater than permanent partial disability benefits of $29,202.06 under Tennessee Code Annotated section 50-6-207(3)(A) and (B) (2019). In fact, Ms. Parker did not dispute her entitlement to those benefits.

In responding to the motion, Ms. Parker did not point to any specific facts in the record upon which this Court could rely to award any greater permanent partial disability benefits. It is not enough to allege that she is not satisfied with the benefits to which she is entitled. Ms. Parker may not rest on mere allegations, "but her response, by affidavits or as otherwise provided in [the] rule, must set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. Here, the Court holds there is no genuine issue for trial.

Accordingly, the Court grants Ozark's motion.

**IT IS THEREFORE ORDERED as follows:**

1. Ms. Parker shall recover from Ozark permanent partial disability benefits in the total amount of $29,202.06, representing her original award and increased benefits.

2. Ms. Parker shall receive lifetime future medical benefits pursuant to statute.

3. Ms. Parker's attorney is awarded an attorney's fee of twenty percent to be paid from Ms. Parker's award.

4. Court costs of $150.00 are assessed against Ozark under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August 2019), to be paid within five days of this order becoming final. Ozark shall file a statistical data form (SD2) within ten business days of the date of this order under Tennessee Code Annotated section 50-6-244.

5. Unless appealed, this order shall become final thirty days after issuance.

3

**ENTERED September 3, 2020.**

_Amber Luttrell_
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

## EXHIBITS

1. Ozark Motor Lines, Inc. Motion for Summary Judgment, Statement of Undisputed Facts and Memorandum in Support.

2. Sharon Parker's Memorandum in opposition to summary judgment and response to Ozark's Statement of Undisputed Facts.

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on September 3, 2020.

| Name | Email | Service sent to: |
|---|---|---|
| James Blount, IV, Employee's Attorney | X | jimmy@calljmb.com |
| James M. Simpson, Employer's Attorney | X | jsimpson@allensummers.com dbarnes@allensummers.com |

_Penny Shrum_
**Penny Shrum, Court Clerk**
wc.courtclerk@tn.gov

4



Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries         $ _____ per month    Telephone       $ _____ per month

Electricity       $ _____ per month    School Supplies $ _____ per month

Water             $ _____ per month    Clothing        $ _____ per month

Gas               $ _____ per month    Child Care      $ _____ per month

Transportation    $ _____ per month    Child Support   $ _____ per month

Car               $ _____ per month

Other             $ _____ per month (describe: _____ )

10. Assets:

Automobile            $ _____        (FMV) _____

Checking/Savings Acct. $ _____

House                 $ _____        (FMV) _____

Other                 $ _____        Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____             _____

_____             _____

_____             _____

_____             _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)                                RDA 11082